UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROLAND MURPHY,
a/k/a ROLAND REDDICK,

              Petitioner,

-vs-

ROBERT A. KIRKPATRICK,
Superintendent

              Respondent.
_____

**DECISION AND ORDER
No. 08-CV-0263T**

## I. Introduction

*Pro se* Petitioner Roland Murphy, a/k/a Roland Reddick ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered November 15, 2004, in New York State, County Court, Erie County, convicting him, after a jury trial, of Murder in the Second Degree (N.Y. Penal Law ("Penal Law") § 125.25 [3]) and two counts of Attempted Robbery in the First Degree (Penal Law §§ 110.00, 160.15 [1], [2]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II. Factual Background and Procedural History

The charges arose out an of an incident that occurred on May 30, 2003 in the City of Buffalo, New York, wherein Petitioner

shot and killed Michael Prince ("Prince" or "the victim") while attempting to rob him.

On the day of the murder, Petitioner met up with co-defendant Wilbert Maxwell ("Maxwell") and Edgar McClellan ("McClellan") and discussed robbing Prince, an unlicensed taxi driver who sold cigarettes in the neighborhood. Petitioner asked Maxwell to act as a look-out for police and told McClellan to lure Prince to the area. Petitioner chose himself as the individual who would rob Prince when Prince arrived. McClellan handed Petitioner a gun and left. Shortly thereafter, Prince arrived in his vehicle with McClellan in the passenger street. The vehicle came to a stop, and McClellan exited the vehicle and ran away. Petitioner approached the driver's side door, pointed the gun at Prince, and demanded money. Prince refused, a struggle ensued, and the gun went off while it was in Petitioner's hands. Petitioner ran away. Prince, in an attempt to drive away, crashed into a parked car. It was later determined that a gun shot wound to Prince's left shoulder caused his death. Trial Trans. [T.T.] 724-725, 730-743, 745, 749, 895.

Approximately five months later on October 16, 2003, two officers from the Buffalo Municipal Housing Authority ("BMHA") arrived at 59A Willert Park Complex in response to a call of a burglary in progress. T.T. 693. The BMHA officers entered apartment 59A without a warrant. Petitioner and Maxwell were

inside the apartment smoking marijuana, and the police arrested them for drug possession. T.T. 771.

In response to a "Be-On-The-Lookout" issued by the Buffalo Police Department, the BMHA officers took Petitioner and Maxwell to the Major Case Squad for questioning relative to the shooting of Prince. Petitioner was read and waived his Miranda rights. He eventually confessed to police that he caused Prince's death while attempting to rob him. T.T. 693-694, 698-699, 812, 862.

On December 8, 2003, Petitioner was indicted by an Erie County Grand Jury and charged with murder in the second degree and two counts of attempted robbery in the first degree.

Prior to the trial, a Huntley hearing[1] was held, wherein the trial court determined that Petitioner's statements to police were voluntary and admissible at trial. Hearing Mins. [H.M.] 70-71.

A jury trial was held before the Honorable Michael F. Pietruszka from September 8 to September 16, 2004. Petitioner was found guilty as charged and sentenced to an indeterminate term of imprisonment of 25 years to life for the murder count and fifteen year determinate terms for the attempted robbery counts, all ordered to be served concurrently. A five year period of post-release supervision was also imposed.

---

[1] People v. Huntley, 15 N.Y.2d 72 (1965) (trial court must conduct pre-trial hearing to determine voluntariness of defendant's statements to be used as evidence at trial)

The Appellate Division, Fourth Department unanimously affirmed Petitioner's judgment of conviction on September 28, 2007. People v. Murphy, 43 A.D.3d 1334 (4th Dept. 2007); lv. denied, 9 N.Y.3d 1037.

Petitioner filed a motion to vacate the judgment of conviction, pursuant to N.Y. Crim. Proc. L. ("C.P.L.") § 440.10, on the grounds of ineffective assistance of trial counsel. That motion was denied by the county court on February 7, 2007. See Mem. and Order of the Erie County Court (Hon. Michael F. Pietruszka), Ind. No. 04926-2003, dated 02/07/07 (Resp't Ex. D). Leave to appeal was denied by the Appellate Division, Fourth Department on June 22, 2007. See Decision of the Appellate Division, Fourth Department (Hon. Eugene M. Fahey), Ind. No. 04926-2003, dated 06/22/07 (Resp't Ex. E).

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) a Fourth Amendment violation; and (2) ineffective assistance of trial counsel. Petition [Pet.] ¶ 22A-B (Dkt. #1); Pet'r Reply (Dkt. #9).

**III. General Principles Applicable to Habeas Review**

    **A.    The AEDPA Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v.

Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." Id. This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct. The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see also Parsad v. Greiner, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), cert. denied sub nom. Parsad v. Fischer, 540 U.S. 1091 (2003). A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

**B.  Exhaustion and Procedural Default**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that–(A) the applicant has exhausted the remedies available in the courts of the State . . . ." 28

U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995)." The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir.1982) (en banc), cert. denied, 464 U.S. 1048 (1984). However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263, n.9 (1989) (other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." Id.

The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice (i.e., actual innocence). See Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977); see also Sawyer v. Whitley, 505 U.S. 333, 277-78 (1992).

**IV. Petitioner's Claims**

**1. Fourth Amendment Claim**

Petitioner argues that his conviction was based on evidence obtained pursuant to an unlawful arrest and seizure in violation of the Fourth Amendment. As a result, he contends that the trial court erred in failing to hold a pre-trial Dunaway hearing[2] to adjudicate this issue. Pet. ¶ 22A; Reply, pg. 1-3. Petitioner raises this claim for the first time in the habeas petition and, to that extent, is unexhausted for purposes of federal habeas review. Nonetheless, as discussed below, because Petitioner no longer has a state court forum available within which to exhaust the claim, the Court deems it exhausted but procedurally defaulted.

To satisfy the exhaustion requirement of 28 U.S.C. § 2254(b), a habeas petitioner must have "fairly presented" his federal claim to the state courts. Daye, 696 F.2d at 191. Petitioner has failed to do so. Petitioner was entitled to one (and only one) appeal to the Appellate Division, Fourth Department and one request for leave to appeal to the New York Court of Appeals, both of which Petitioner pursued. See C.P.L. § 450.10(1); N.Y. Court R. § 500.20. Collateral review of this claim by way of another motion to vacate the judgment of conviction, pursuant to C.P.L. § 440.10, is also foreclosed because the claim is a matter of record that

---

[2] A hearing pursuant to Dunaway v. New York, 442 U.S. 200 (1979) is held to determine whether a statement or other intangible evidence obtained from a person arrested without probable cause should be suppressed at a subsequent trial.

could have been raised on direct appeal, but unjustifiably was not. See C.P.L. § 440.10(2)(c) (the court must deny a motion to vacate a judgment when sufficient facts appear on the record to have permitted adequate appellate review of the issue); see also Aparicio, 269 F.3d. at 91 (citing C.P.L. § 440.10(2)(c)). Because Petitioner no longer has remedies available to him in the state courts within which to exhaust this claim, the Court deems the claim exhausted but procedurally barred from federal habeas review.

A finding of procedural default will bar habeas review of the federal claim unless the habeas petitioner can show cause for the default and prejudice resulting therefrom, or demonstrate that failure to consider the claim will result in a miscarriage of justice. See Wainwright, 433 U.S. at 87-91; see also Sawyer, 505 U.S. at 277-78. "Cause" is defined as "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate prejudice, a petitioner must show more than that errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Here, Petitioner attributes cause for the default to ineffective assistance of trial counsel. See Reply, pg. 1. A claim of ineffective assistance of counsel may establish cause for a procedural default. See Edwards v.

Carpenter, 529 U.S. 446, 451, (2000); McCleskey, 499 U.S. at 494; Frady, 456 U.S. at 168. To claim that attorney error excuses a procedural default, a habeas petitioner must have properly presented and exhausted an ineffective assistance of counsel claim in the state courts. See Edwards, 529 U.S. at 453. Petitioner has done so; however, as discussed under Section "IV, 2" below, he is unable to make out a successful stand-alone ineffective assistance of counsel claim. Moreover, Petitioner has not alleged actual innocence, such that this Court's failure to review the claim will result in a miscarriage of justice.

In any event, even if Petitioner was able to overcome the procedural default, his claim is not cognizable on habeas review.

"Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state have provided the opportunity to the state prisoner for full and fair litigation of the Fourth Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth

Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840; accord Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

A petitioner receives a "full and fair opportunity" to litigate his Fourth Amendment claim where the state provides a "'statutory mechanism' for suppression of evidence tainted by an unlawful search and seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983). Here, New York clearly affords defendants the requisite corrective procedures. See C.P.L. § 710.10 et seq.[3]; see also Capellan, 975 F.2d at 70 (noting that federal courts have approved New York's procedure for litigating Fourth Amendment claims, embodied in C.P.L. § 710.10 et seq. as being facially adequate).

Contrary to Petitioner's contention, he was, in fact, provided with the opportunity to fully adjudicate the issue in state court, but failed to avail himself of this opportunity by moving for a pre-trial hearing pursuant to Dunaway.[4]

Moreover, Petitioner has failed to show that an "unconscionable breakdown" occurred in the corrective process

---

[3] Specifically, C.P.L. § 710.60 provides for a pretrial hearing, or hearings, to determine whether evidence sought to be used at a trial is inadmissible because it violates the rule set forth, *inter alia*, in Dunaway.

[4] The Court notes that a Huntley hearing was held prior to trial to ascertain the voluntariness of Petitioner's statements to police. The trial court determined that Petitioner's statements were voluntary and admissible at trial. However, that hearing, and the determination resulting from that hearing, are not at issue in the instant habeas petition.

provided by New York State that prevented him from pursuing his Dunaway claim. An "'unconscionable breakdown in the state's process must be one that calls into serious question whether a conviction is obtained pursuant to those fundamental notions of due process that are at the heart of a civilized society.'" Ferron v. Goord, 255 F.Supp.2d 127, 131-32 (W.D.N.Y. March 27, 2003) (quoting Cappiello v. Hoke, 698 F. Supp. 1042, 1050 (E.D.N.Y.1988), aff'd, 852 F.2d 59 (2d Cir.1988)(per curiam). Petitioner alleges that the ineffective assistance of his trial counsel constituted an "unconscionable breakdown" in the corrective process. See Reply, pg. 2-3. This claim fails. "[C]ourts within this circuit have refused to equate ineffective assistance of counsel with unconscionable breakdown." Shaw v. Scully, 654 F. Supp. 859, 865 (S.D.N.Y. 1987) (citing Jackson v. Scully, 781 F.2d 291, 297 (2d Cir.1986)); see also Allah v. Le Fevre, 623 F. Supp. 987, 991 (S.D.N.Y. 1985) ("[I]t is plain from the majority opinion in Gates that the [Second Circuit] had something other than ineffective assistance of counsel in mind when it speculated that an unconscionable breakdown in state process might permit federal habeas review.").

Thus, even if Petitioner's Fourth Amendment claim was not procedurally defaulted, the claim is barred from habeas review by Stone v. Powell. Accordingly, there are no grounds upon which habeas relief is warranted and the claim is denied.

## 2. Ineffective Assistance of Trial Counsel

Petitioner asserts that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel because counsel failed to move for a pre-trial Dunaway hearing to ascertain whether there was probable cause for his arrest. Pet. ¶ 22B; Reply, pg. 3-5. Petitioner raised this claim in his motion for vacatur, and the claim was rejected on the merits. The county court found that Petitioner had failed to substantiate his claim and that, in any event, "the complaints by the defendant are speculative and do not demonstrate that trial counsel's performance fell below the accepted and established professional norms." Murphy, 43 A.D.3d at 1334 (internal citations omitted).

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." Id. To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that

[his attorney's] conduct falls within the wide range of reasonable professional assistance." Id. at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690. Actions or omissions by counsel that "might be considered sound trial strategy" do not constitute ineffective assistance. Strickland, 466 U.S. at 689; see also Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 1998).

Here, Petitioner contends he received ineffective assistance of trial counsel because counsel failed to move for a pre-trial hearing pursuant to Dunaway. This claim fails. "[F]or purposes of effective assistance, not every possible motion need be filed, but rather, only those having a solid foundation." United States v. Nersesian, 824 F.2d 1294, 1322 (2d Cir.) (citing United States v. Afflerbach, 754 F.2d 866, 870 (10th Cir.), cert. denied, 472 U.S. 1029 (1985)), cert. denied, 484 U.S. 958 (1987). Petitioner has failed to establish that such a foundation existed. He points to no evidence to support his conclusion that the police unlawfully entered apartment 59A at the Willert Park Complex and arrested him without probable cause. See Montgomery v. Wood, No. 04-CV-6474(VEB), 2010 U.S. Dist. LEXIS 77211, *34-36 (W.D.N.Y. July 30, 2010) (rejecting Petitioner's argument that he received ineffective assistance of counsel based on counsel's failure to

move for a Mapp/Dunaway hearing where "Petitioner has not suggested that there were any potentially meritorious bases on which such a suppression motion could have been premised.").

There is also nothing in the record to support Petitioner's contention. Rather, the record reflects that the police were responding to a call of a burglary in process when they arrived at and subsequently entered apartment 59A at the Willert Park Complex. The record further reflects that, upon entering the apartment, the police discovered Petitioner and Maxwell inside smoking marijuana. T.T. 693, 712, 771-772. Based on the record before this Court, it appears that there may have been numerous grounds for the police to have lawfully entered the apartment and detained him. Thus, it is probable that defense counsel determined that a motion, pursuant to Dunaway, seeking suppression of Petitioner's statements based on an unlawful arrest, would have been futile and therefore strategically chose not to pursue the issue. Moreover, the Court notes that defense counsel did move for and was, in fact, granted a suppression hearing pursuant to Huntley, at which he zealously argued for suppression of Petitioner's statements based on the grounds that said statements were given involuntarily during police questioning.

Petitioner has therefore failed to show that counsel's performance, under the circumstances, was constitutionally deficient within the meaning of Strickland. Because Petitioner

cannot meet the first prong of Strickland, the Court need not address the second prong. See Greiner v. Wells, 417 F.3d 305, 319 (2d Cir. 2005) ("'[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.'") (alterations in original) (quoting Strickland, 466 U.S. at 697)).

Accordingly, the Court finds that the state court's determination of this issue was neither contrary to nor an unreasonable application of Strickland. The claim is denied.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York,

within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

---
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    August 9, 2010
         Rochester, New York